UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL L. FITZHUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-342-G |
| | ) |
| PIONEER WEB DESIGN, | ) |
| | ) |
| Defendant. | ) |

# ORDER

On March 24, 2025, Plaintiff Darryl L. Fitzhugh filed this civil action, bringing claims against Defendants Capital One Financial Corp and Pioneer Web Design ("Pioneer"). *See* Compl. (Doc. No. 1).

After Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, and the Court authorized service to be made by the United States Marshals Service ("USMS"). *See* Order of June 27, 2025 (Doc. No. 3). The summons issued as to Defendant Pioneer was returned unexecuted by the USMS. *See* Doc. No. 6.

Plaintiff's deadline to effect service expired on or about September 25, 2025. *See* Order of June 27, 2025; Fed. R. Civ. P. 4(m). Plaintiff failed to provide proof of service or waiver of service to the Court as to Defendant Pioneer by that date.

Accordingly, on November 3, 2025, the Court directed Plaintiff to show cause in writing, within 14 days, why the claims against Defendant Pioneer should not be dismissed. *See* Order of Nov. 3, 2025 (Doc. No. 12). The Court's Order was mailed to Plaintiff at his address of record. As of this date, Plaintiff has not responded to the Order or shown that

service has been perfected as to Defendant Pioneer. Nor has Defendant answered or otherwise indicated awareness of Plaintiff's lawsuit.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, he is required to comply with the same procedural rules that govern all litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service, and no "good cause" is otherwise reflected in the record before the Court. Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id*. at 842. In making this determination, the Court must consider: (1) whether "the applicable

statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id*. at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff was warned that failure to accomplish service would result in dismissal and was afforded an opportunity to justify his failure to do so. *See* Order of Nov. 3, 2025, at 2; *see also Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016). Defendant Pioneer is not a federal officer, and although Plaintiff is appearing pro se and proceeding *in forma pauperis*, he "must still comply with the same rules of procedure" as govern other litigants. *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020). "The prosecution of this lawsuit, including service on the defendants, is ultimately [the plaintiff's] responsibility." *Id.*; *accord Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]" (citation omitted)); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service.").

Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure

3

"otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15- 641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiffs may be able to refile any such state-law claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case.

## CONCLUSION

Accordingly, all claims alleged by Plaintiff against Defendant Pioneer Web Design are DISMISSED WITHOUT PREJUDICE for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

A separate judgment shall be entered.

IT IS SO ORDERED this 8th day of December, 2025.

*[signature]*
CHARLES B. GOODWIN
United States District Judge