**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARRYL L. FITZHUGH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-25-342-G** |
| | ) |
| **CAPITAL ONE FINANCIAL CORP.** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court is a Motion to Reconsider (Doc. No. 15) filed by Plaintiff

Darryl L. Fitzhugh. Defendant Capital One Financial Corp. ("Capital One") has filed a

Response (Doc. No. 16).

### I.     *Background*

On March 24, 2025, Plaintiff filed this civil action, bringing claims against

Defendants Capital One and Pioneer Web Design ("Pioneer"). *See* Compl. (Doc. No. 1).

After Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, and

the Court authorized service to be made by the United States Marshals Service ("USMS").

*See* Order of June 27, 2025 (Doc. No. 3).

Capital One filed a Motion to Dismiss (Doc. No. 9) seeking dismissal of Plaintiff's

claims against Capital One pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff

did not file a response to the Motion to Dismiss within the time allowed by local rule or

seek additional time to do so. On November 3, 2025, the Court granted the unopposed

Motion to Dismiss and dismissed Plaintiff's claims without prejudice. *See* Order of Nov.

3, 2025 (Doc. No. 12) at 1-2.

The summons issued as to Pioneer was returned unexecuted by the USMS. *See* Doc. No. 6. As of November 3, 2025, Plaintiff had failed to provide proof of service or waiver of service to the Court as to Pioneer. Accordingly, the Court directed Plaintiff to show cause in writing, within 14 days, why the claims against Pioneer should not be dismissed. *See* Order of Nov. 3, 2025, at 2.

On December 8, 2025, after Plaintiff failed to respond to the Order or show that service has been perfected as to Pioneer, the Court dismissed the claims against Pioneer without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Prejudice and entered judgment. *See* Order of Dec. 8, 2025 (Doc. No. 13); J. (Doc. No. 14).

## II. Discussion

On December 29, 2025, Plaintiff filed the Motion to Reconsider, requesting that the Court reopen the case because Plaintiff "was una[ware] of what to do if the [USMS] w[as] unable to serve the defendants" and "the defendant[]s have made no attempt" to return the money they allegedly owe to Plaintiff. Pl.'s Mot. to Reconsider at 1.

Federal Rule of Civil Procedure 60(b) "allows a court to 'relieve a party or its legal representative from a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting Fed. R. Civ. P. 60(b)). "A motion to vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court." *Greenwood Expls., Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988). Relief under Rule 60(b) "is

extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (internal quotation marks omitted).

Liberally construed, Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b)(1), which provides that the Court may relieve a party from a judgment for "mistake . . . or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Regarding "mistake,"

> Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp*, 186 F.3d at 1231. Crucially, "the kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against . . . . Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Id*. (citation omitted).

With respect to "excusable neglect" under Rule 60(b)(1), courts "consider all relevant circumstances" and apply the four-factor test articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *Doran Law Off. v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 736 (10th Cir. 2017) (internal quotation marks omitted). The factors are:

> [1] the danger of prejudice to the nonmoving party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* (alteration and internal quotation marks omitted). "'The most important factor is the reason for the delay, which alone may preclude a finding of excusable neglect. Carelessness by [a] litigant or [its] counsel does not afford a basis for relief under Rule 60(b)(1).'" *Carr v. Remington Arms Co.*, No. CIV-16-1153-SLP, 2019 WL 13073641, at *4 (W.D. Okla. Feb. 22, 2019) (omission and alterations omitted) (quoting *Doran Law Off.*, 678 F. App'x at 736).

Having considered Plaintiff's Motion and the relevant record, the Court finds no basis for reconsideration of its prior disposition. Although Plaintiff appeared pro se in this matter, he was required to "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). These rules govern briefing response deadlines, service requirements, and other necessary aspects of litigation. *See, e.g.*, Fed. R. Civ. P. 4(m), 12(b)(6); LCvR 7.1(g).

Further, the Court's Orders advised Plaintiff that service was ultimately his responsibility and that the USMS had failed to serve Pioneer and directed him to file a response regarding service with the Court. *See* Order of June 27, 2025 (Doc. No. 3) at 2; Order of Nov. 3, 2025, at 2. At no point did Plaintiff request additional time or otherwise contact the Court regarding his service obligation prior to the dismissal of the Complaint, although it was "within [his] reasonable control" to do so. *Doran*, 678 F. App'x at 736 (internal quotation marks omitted).

Accordingly, Plaintiff's "misunderstand[ing]" and "deliberate acts" fail to establish an entitlement to extraordinary relief under Rule 60(b)(1). *Yapp*, 186 F.3d at 1231; *see Carr*, 2019 WL 13073641, at *4.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider (Doc. No. 15) is DENIED.

IT IS SO ORDERED this 17th day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge